UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENAYATOLLAH NADAF-RAHROV, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHELLPOINT MORTGAGE SERVICING, et al., <br><br> Defendants. | Case No. 16-cv-02112-RS <br><br> Case No. 16-cv-06323-RS <br><br> **TEMPORARY RESTRAINING ORDER AND ORDER TO MEET AND CONFER RE BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION** |

The earlier-filed of these two related actions was randomly assigned to the undersigned in April of this year. The second case, filed yesterday, was randomly assigned to the Honorable James Donato. In light of the undersigned's unavailability, the duty judge acted on the motion to relate the two cases and granted it.

As the parties are aware, prior to the cases being related, an order issued requiring the parties to meet and confer to attempt to negotiate an agreement for a brief postponement of the pending foreclosure sale, to permit full briefing and consideration of plaintiffs' request for preliminary relief. While that order did not require the parties to reach an agreement for postponement of the sale, it did require a meet and confer effort to be made in good faith. Copies of email correspondence submitted by plaintiffs indicate that defendants elected simply to disregard the obligation imposed by that order, and advised plaintiffs that they "decline[d] to waste any more time with meeting and conferring after we were unable to reach a resolution at the

mediation on Monday." As a result, plaintiffs' applications for a temporary restraining order in the two cases are ripe for decision.

An application for preliminary relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc.*, 555 U.S. 7, 21-22 (2008). The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."). As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm.  *Id*. at 1135.

Here, the potential irreparable harm to plaintiffs arising from a foreclosure sale is manifest, and the issue is whether they have made an adequate showing on the merits to warrant relief. Defendants have presented compelling arguments as to the merits in both cases, and have appropriately questioned plaintiffs' failure to act more expeditiously. Nevertheless, balancing all of the circumstances, a twenty-day postponement of the foreclosure sale is warranted, and defendants are hereby restrained and enjoined from proceeding with the sale prior to November 23, 2016. In light of the entire record, no bond will be required.

Plaintiffs may file further papers in support of an application for a preliminary injunction in either or both cases no later than November 7, 2016. Defendants may file opposition by November 14, 2016. A hearing will be calendared for November 22, 2016, at 10:00 a.m., but the Court reserves discretion under Civil Local Rule 7-1(b) to decide the matter without oral argument.

1   **IT IS SO ORDERED**.

3   Dated: November 2, 2016

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 16-cv-02112-RS

3