UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENAYATOLLAH NADAF-RAHROV, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SHELLPOINT MORTGAGE SERVICING; BANK OF AMERICA, N.A.; BANK OF NEW YORK MELLON,<br><br>            Defendants. | Case No. 16-cv-02112-RS |
| ENAYATOLLAH NADAF-RAHROV, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SHELLPOINT MORTGAGE SERVICING, BANK OF NEW YORK MELLON,<br><br>            Defendants. | Case No. 16-cv-06323-RS<br><br>**ORDER DENYING PRELIMINARY INJUNCTION** |

These related cases are part of an effort by plaintiffs to prevent foreclosure on their family residence. Ordinarily, the claims and allegations of the second case simply would have been added to the first case through an amended complaint. Plaintiffs apparently chose to file a second action instead to avoid the additional time obtaining leave to amend might entail. A temporary restraining having previously issued, plaintiffs now seek a preliminary injunction in the actions to prevent a non-judicial foreclosure sale from going forward during the pendency of the litigation.

A preliminary injunction is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008). To obtain preliminary relief, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 21-22. The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."). As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id*. at 1135.

Here, plaintiffs have not met that test. Defendants assert, and plaintiffs do not dispute, that plaintiffs have made no mortgage, tax, or insurance payments on the property for over seven years. The gravamen of the first case is a claim that the prior loan servicer, defendant Bank of America, "lured" plaintiffs into a default in 2009 by advising them that they could not be considered for a loan modification while their payments were current, and then wrongfully initiated foreclosure proceedings while a loan modification application was pending. Plaintiffs further contend Bank of America subsequently sent them conflicting and erroneous information regarding the amount that would be necessary to reinstate the loan. There is no dispute, however, that the foreclosure proceedings initiated by Bank of America were terminated and that the Notice of Default was rescinded in August of 2014.

There is also no dispute that the current loan servicer, defendant Shellpoint, processed plaintiffs' application for a loan modification and denied it in November of 2015. Then, because there was a question whether plaintiffs had received the denial in time to file a timely appeal, Shellpoint issued a renewed denial letter, providing a new 30 day appeal period. Plaintiffs,

1 however, did not appeal or otherwise respond.

2 The foreclosure proceedings at issue now were not initiated until after plaintiffs' loan modification application had been processed and denied, and the extended appeal period had expired. While plaintiffs insist that their present predicament still somehow arises out of Bank America's allegedly wrongful conduct in 2009, they have not shown a likelihood of success on any claim that the present foreclosure proceedings are invalid or defective based on any such prior wrongdoing.

In the second case, plaintiffs present a theory that Shellpoint's present calculation of a total payoff amount of approximately $2.3 million violates a "cap" in the loan documents that supposedly provided the principal amount of the loan would never exceed $1,725,000— 115% of the original amount loaned. This argument is frivolous. The original loan—in the amount of $1.5 million—allowed for "negative amortization." Plaintiffs were permitted to make monthly payments in an amount that was less than the accruing interest. If they did so, the accrued interest would be added to the principal balance of the loan—up to a total of $1,725,000. Paying the lesser amount was not a breach of the loan agreement. Once the principal loan balance reached that threshold, however, plaintiffs were required to make monthly payments in an amount at least equal to the accruing interest, and the principal balance would not continue to grow.

This does not mean, however, that if plaintiffs failed to make those ongoing interest payments—thereby breaching the loan agreement—they somehow would be relieved from the additional indebtedness, just because the principal loan amount was "capped" at 115%. Rather, at that point, missed interest payments became part of the total amount owed (*i.e.* principal, interest, and any other charges allowed under the loan agreements, such as reimbursement for advances on taxes and insurance). Accordingly, plaintiffs have made no showing of a probability of success on the merits under the second case either. The application for a preliminary injunction is denied in both actions.

**IT IS SO ORDERED**.

Dated: November 23, 2016

_____
RICHARD SEEBORG
United States District Judge